IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **RANDALL WAYNE ODEN,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | C.A. NO. 2:20-cv-00034 | |
| § | | |
| § | | |
| § | | |
| § | | |
| § | | |
| **WELLFIRST TECHNOLOGIES, INC.** § | | |
| § | **JURY DEMANDED** | |
| § | | |
| **Defendant.** § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, RANDALL WAYNE ODEN, files this Complaint and Jury Demand against Defendant WELLFIRST TECHNOLOGIES, INC., alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA") and the Texas Commission on Human Rights Act. For causes of action, Plaintiff would show the Court as follows:

## I.
## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff RANDALL WAYNE ODEN is a resident of Smith County, Texas.

2. Defendant WELLFIRST TECHNOLOGIES, INC. is a Texas corporation which may be served with Citation through its Registered Agent, Rusty W. Petree, 410 S. Trade Center Parkway, Suite A12, Conroe, Texas 77385.

3. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). The Court has supplemental jurisdiction over Plaintiff's claims arising under Texas statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Jim Wells County, Texas.

## II.

## FACTUAL BACKGROUND

5. Plaintiff, Randall Wayne Oden, was hired by WELLFIRST TECHNOLOGIES, INC. (hereinafter "Wellfirst") on or about January 15, 2018 to work as a salesman for downhole tools. However, Plaintiff ended up performing manual labor on well locations which took up a good part of his work time. His job was based out of Alice, Texas.

6. Previous to Plaintiff's employment with Wellfirst, he experienced several knee injuries which resulted in him having numerous knee operations and procedures. However, Plaintiff was able to perform the essential functions of his job with Wellfirst.

7. In March of 2019, Plaintiff's knee went out and he fell while working on a location in West Texas. After this incident, Plaintiff consulted with a knee surgeon in Tyler, Texas who recommended that he have a knee replacement. Plaintiff's last day worked for Wellfirst prior to his knee replacement was March 15, 2019.

8. Plaintiff had the knee replacement on March 18, 2019. Plaintiff requested and received short term disability benefits from the company as a result of his knee replacement surgery. In the course of requesting the short-term disability benefits, it was understood that Plaintiff would need to be off work for some period of time due to the knee replacement surgery and recovery.

9. On May 13, 2019, Derek Martin came to Plaintiff's home to terminate him per the instructions of Charles Robertson. Charles Robertson had previously told Derek Martin that he had had the same surgery as Plaintiff and was back to work in 1 month, so therefore, Plaintiff should be able to return to his job with Wellfirst. This was stated by Charles Robertson prior to Plaintiff having his knee replacement surgery.

10. During the meeting on May 13, 2019, Plaintiff was presented with a termination

letter and a proposed severance agreement which included a release of all claims against Wellfirst in exchange for 2 weeks' severance pay. Plaintiff was told that if he did not sign the release, the company would not pay his insurance and it would cancel on date of termination.

11. Plaintiff was told that the reason he was terminated was because he had been out with his knee replacement too long. At the time of his termination, Plaintiff was still under a doctor's care and in physical therapy for his knee replacement.

### III.
### CAUSES OF ACTION
### COUNT ONE:

### Discrimination on the Basis of Disability
### in violation of the ADA and TCHRA

12. Defendant violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by discharging Plaintiff. 42 U.S.C. § 12101 *et seq.;* Texas Labor Code §21.001 *et seq.*

13. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability or because the employer regards the individual as a person with a disability.

14. Defendant is an employer under the ADA and the TCHRA.

15. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability and was regarded by the Defendant as a person with a disability.

16. Plaintiff was meeting his employer's expectations.

17. Plaintiff was terminated as a direct result of his actual or perceived disability, his record of having a disability, and/or because Defendant regarded Plaintiff as a person with a

disability.

18. Defendant violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of his actual or perceived disability by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

19. Plaintiff also alleges that Defendant failed to reasonably accommodate his need for unpaid time off while he recovered from his knee replacement.

## COUNT TWO

### Family and Medical Leave Act

20. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

21. Plaintiff requested medical leave protected by the FMLA. Plaintiff availed himself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendants' decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as

such was a cause of Plaintiff's damages, as set forth below.

22. In addition, an employee who takes FMLA leave under section 2612 shall be entitled, on return from such leave, to be restored by the employer to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. See 29 U.S.C. §2614(a)(1). Furthermore, the taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced. See 29 U.S.C. §2614(a)(2). Defendant has violated these provisions of the FMLA by terminating Plaintiff while he was on FMLA protected leave and refusing to reinstate him into his position following his FMLA leave.

## IV.
## DAMAGES

23. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

24. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish,

loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

25. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## LIQUIDATED DAMAGES

26. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, *supra*.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

27. A prevailing party may recover reasonable attorneys' and experts' fees. SEE TEX. LAB. CODE §21.259; 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

28. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Dated:        January 31, 2020                Respectfully submitted,

**HOMMEL LAW FIRM**

By: /s/ *William S. Hommel, Jr.*
**William S. Hommel, Jr.**
State Bar No. 09934250
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
Telephone: 903-596-7100
Facsimile: 469-533-1618
bhommel@hommelfirm.com


**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
State Bar No. 24064805
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
clif@a2xlaw.com

**ATTORNEYS FOR THE PLAINTIFF**