# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED
MAR 4 2022
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| RANDALL WAYNE ODEN §<br>    Plaintiff §<br>§<br>v. §<br>§<br>§<br>WELLFIRST TECHNOLOGIES, INC. §<br>    Defendant § | C.A. NO. 2:20-cv-00034 |

## COURT'S CHARGE TO THE JURY

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

Plaintiff Randall Oden has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Randall Oden has failed to prove any

element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Plaintiff Randall Wayne Oden claims that Defendant Wellfirst Technologies Inc.'s termination of his employment was motivated by his disability.

The employer, Defendant Wellfirst Technologies, Inc., denies Plaintiff Randall Wayne Oden's claims, and contends that all actions taken by Defendant Wellfirst Technologies, Inc. regarding Oden's employment were taken in good faith and for nondiscriminatory, job-related reasons.

It is unlawful for an employer to discriminate against an employee because of the employee's disability. An employer may, however terminate the employment of an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Randall Wayne Oden must prove by a preponderance of the evidence that:

1. Defendant Wellfirst Technologies, Inc. terminated the employment of Plaintiff Randall Wayne Oden; and

2. Defendant Wellfirst Technologies, Inc.'s termination of the employment of Plaintiff Randall Wayne Oden was motivated by Oden's protected trait as a disabled person.

Plaintiff Randall Wayne Oden does not have to prove that unlawful discrimination was the only reason Defendant Wellfirst Technologies, Inc. terminated his employment.

If you find that the reason Defendant Wellfirst Technologies, Inc. has given for terminating the employment of Plaintiff Randall Wayne Oden is unworthy of belief, you may, but are not required to, infer that Defendant Wellfirst Technologies, Inc. was motivated by Plaintiff's status as a disabled person.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

# AMERICANS WITH DISABILITIES ACT-DISABILITY DISCRIMINATION

## A. Plaintiff's Claim of Discrimination Based on an Actual Disability

Plaintiff Randall Wayne Oden claims that Defendant Wellfirst Technologies, Inc. discriminated against him because he had a disability by terminating his employment. Defendant Wellfirst Technologies, Inc. denies Plaintiff Randall Wayne Oden's claims, and contends he was terminated from his employment because of poor job performance, and his failure to bring in enough revenue to support his position with the company.

It is unlawful for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include termination of a qualified individual with a disability.

To succeed in this case, Plaintiff Randall Wayne Oden must prove each of the following by a preponderance of the evidence:

1. Plaintiff Randall Wayne Oden had a disability;

2. Such disability substantially limited his ability to work;

3. Wellfirst Technologies, Inc. knew Plaintiff Randall Wayne Oden had a disability;

4. Wellfirst Technologies, Inc. terminated his employment;

5. Plaintiff Randall Wayne Oden was a qualified individual who could have performed the essential functions of a sales representative with or without reasonable accommodations when Wellfirst Technologies, Inc. terminated his employment; and

6. Wellfirst Technologies, Inc. terminated Plaintiff Randall Wayne Oden's employment because of his disability. Plaintiff Randall Wayne Oden does not have to prove that his disability was the only reason Wellfirst Technologies, Inc. terminated his employment.

A "disability" is: (A) a physical or mental impairment that substantially limits one or more major life activities; or (B) being regarded as having such an impairment.

Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending,

speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

In determining whether Plaintiff Randall Wayne Oden had a physical or mental impairment that substantially limited one or more major life activities, you should compare his ability to engage in major life activities with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment. Temporary impairments with little or no long-term impact are not sufficient.

The term "substantially limits" shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. "Substantially limits" is not meant to be a demanding standard.

An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section.

In determining whether an impairment substantially limits a major life activity, you must consider the impairment without regard to the effects of such measures as medication, therapies, or surgery. In doing so, you may consider evidence of the expected course of a particular disorder without medication, therapies, or surgery.

To prove that Plaintiff Randall Wayne Oden's disability was the reason for the termination, he must prove that the individuals at Wellfirst Technologies, Inc. who made the decision to terminate his employment knew of his disability. You may consider evidence about information learned from communications with Plaintiff Randall Wayne Oden.

If Plaintiff Randall Wayne Oden has failed to prove any of these elements, then your verdict must be for Defendant Wellfirst Technologies, Inc. on the issue of whether Plaintiff has established an actual disability claim.

### B. Plaintiff's Claim of Discrimination Based on Being Regarded as Having an Impairment

Plaintiff Randall Wayne Oden also claims that he was discriminated against because Wellfirst Technologies, Inc. regarded him as having an impairment. Defendant Wellfirst Technologies, Inc. denies Plaintiff Randall Wayne Oden's claims and contends that he was

terminated because of poor job performance, and his failure to bring in enough revenue to support his position with the company.

Plaintiff Randall Wayne Oden claims that he could have performed the essential functions of a sales representative when Defendant Wellfirst Technologies, Inc. terminated him.

It is unlawful to terminate a qualified individual because the qualified individual is regarded as having an impairment.

To succeed in this case, Plaintiff Randall Wayne Oden must prove the following by a preponderance of the evidence:

1. Plaintiff Randall Wayne Oden could have performed the essential functions of a sales representative when Defendant Wellfirst Technologies, Inc. terminated him;

2. Plaintiff Randall Wayne Oden was regarded as having a physical impairment;

3. Defendant Wellfirst Technologies, Inc. regarded Plaintiff Randall Wayne Oden as having a physical impairment;

4. Defendant Wellfirst Technologies, Inc. terminated Plaintiff Randall Wayne Oden; and

5. Defendant Wellfirst Technologies, Inc. terminated Plaintiff Randall Wayne Oden because he was regarded as having a disability.

An individual is regarded as having an impairment if the individual establishes that he has been subjected to discrimination because of an actual or perceived impairment, whether or not it limits or is perceived to limit a major life activity.

If Plaintiff Randall Wayne Oden has failed to prove any of these elements, then your verdict must be for Defendant Wellfirst Technologies, Inc. on the issue of whether Plaintiff has established that he was regarded as having an impairment.

# DAMAGES

If Plaintiff Randall Wayne Oden has proved his claim against Defendant Wellfirst Technologies, Inc. by a preponderance of the evidence, you must determine the damages to which Plaintiff Randall Wayne Oden is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Randall Wayne Oden's damages as an indication in any way that I believe that Plaintiff Randall Wayne Oden should, or should not, win this case. It is your task first to decide whether Defendant Wellfirst Technologies, Inc. is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Wellfirst Technologies, Inc. is liable and that Plaintiff Randall Wayne Oden is entitled to recover money from Defendant Wellfirst Technologies, Inc.

**Compensatory Damages**

If you find that Defendant Wellfirst Technologies, Inc. is liable to Plaintiff Randall Wayne Oden, then you must determine an amount that is fair compensation for all of Plaintiff Randall Wayne Oden's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Randall Wayne Oden whole—that is, to compensate Plaintiff Randall Wayne Oden for the damage that he has suffered. Compensatory damages are not limited to expenses that Plaintiff Randall Wayne Oden may have incurred because of his injury. If Plaintiff Randall Wayne Oden wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of Defendant Wellfirst Technologies, Inc.'s wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff Randall Wayne Oden proves were proximately caused by Defendant Wellfirst Technologies, Inc.'s allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Randall Wayne Oden's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Randall Wayne Oden has actually suffered or that Plaintiff Randall Wayne Oden is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Randall Wayne Oden prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances

in evidence.

If you found that Defendant Wellfirst Technologies, Inc. violated the ADA, then you must determine whether it has caused Plaintiff Randall Oden damages, and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Mr. Oden has proved liability.

Plaintiff Randall Wayne Oden must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Randall Wayne Oden need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Randall Wayne Oden would have earned in his employment with Wellfirst Technologies, Inc. if he had not been terminated, from May 13, 2019 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Randall Wayne Oden received or reasonably could have received from employment during that time; and (2) the amount of other damages sustained by Mr. Oden, if any, supported by the evidence, such as inconvenience, mental anguish, emotional distress, loss of enjoyment of life, and other noneconomic losses.

Back pay includes the amounts the evidence shows Plaintiff Randall Wayne Oden would have earned had he remained an employee of Wellfirst Technologies, Inc. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Wellfirst Technologies, Inc. proves by a preponderance of the evidence Mr. Oden received or reasonably could have received during the period in question.

To recover damages for mental and emotional distress, Plaintiff Randall Wayne Oden must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Randall Wayne Oden must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Mr. Oden for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

8

**Nominal Damages**

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred, but the plaintiff has suffered no actual loss or injury.

If you find from a preponderance of the evidence that Plaintiff Randall Wayne Oden sustained a technical violation of the Americans with Disabilities Act, but that Plaintiff Randall Wayne Oden suffered no actual loss as a result of this violation, then you may award Plaintiff Randall Wayne Oden nominal damages.

**Punitive Damages**

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

If you find that Defendant Wellfirst Technologies, Inc. is liable for Plaintiff Randall Wayne Oden's injuries, you must award Plaintiff Randall Wayne Oden the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that Defendant Wellfirst Technologies, Inc. acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiff Randall Wayne Oden has the burden of proving that punitive damages.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff Randall Wayne Oden has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Wellfirst Technologies, Inc. misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1. the reprehensibility of Defendant Wellfirst Technologies, Inc. conduct, including but not limited to whether there was deceit, cover-

9

up, insult, intended or reckless injury, and whether Defendant Wellfirst Technologies, Inc.'s conduct was motivated by a desire to augment profit;

2.  the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3.  the possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of Defendant Wellfirst Technologies, Inc. in fixing the amount of punitive damages.

You may award punitive damages if Plaintiff Randall Wayne Oden proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he engaged in the discriminatory act or practice while acting in the scope of his employment; and (3) he acted with malice or reckless indifference to Plaintiff Randall Wayne Oden's federally protected right to be free from discrimination

If Plaintiff Randall Wayne Oden has proved these facts, then you may award punitive damages, unless Defendant Wellfirst Technologies, Inc. proves by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether Charles Robertson and/or Derek Martin was a supervisor or manager for Defendant Wellfirst Technologies, Inc. you should consider the type of authority Robertson and/or Martin had over Plaintiff Randall Wayne Oden and the type of authority for employment decisions Defendant Wellfirst Technologies, Inc. authorized Robertson and/or Martin to make.

An action is in "reckless indifference" to Plaintiff Randall Wayne Oden's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Randall Wayne Oden is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant Wellfirst Technologies, Inc. engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant Wellfirst Technologies, Inc. made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti-discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Randall Wayne Oden's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant Wellfirst Technologies, Inc. acted with malice or reckless indifference to Plaintiff Randall Wayne Oden's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Randall Wayne Oden is entitled to receive, you may, but are not required to, award Plaintiff Randall Wayne Oden an additional amount as punitive damages for the purposes of punishing the Defendant Wellfirst Technologies, Inc. for engaging in such wrongful conduct and deterring Defendant Wellfirst Technologies, Inc. and others from engaging in such conduct in the future. You should presume that Plaintiff Randall Wayne Oden has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant Wellfirst Technologies, Inc.'s conduct was. You may consider whether the harm Plaintiff Randall Wayne Oden suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's Wellfirst Technologies, Inc.'s conduct that harmed Plaintiff Randall Wayne Oden also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Randall Wayne Oden.

2. How much harm Defendant Wellfirst Technologies, Inc.'s wrongful conduct caused Plaintiff Randall Wayne Oden and could cause him in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant Wellfirst Technologies, Inc.'s financial condition, to punish Defendant Wellfirst Technologies, Inc. for its conduct toward Plaintiff Randall Wayne Oden and to deter Defendant Wellfirst Technologies, Inc. and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Randall Wayne Oden.

**Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of Life**

You may award damages for any bodily injury that Plaintiff Randall Wayne Oden sustained and any pain and suffering, disability, mental anguish, and/or loss of capacity for enjoyment of life that Plaintiff Randall Wayne Oden experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or

need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Randall Wayne Oden for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

## CONCLUSION

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

ORDERED on March 3, 2022.

_____
JULIE K. HAMPTON
UNITED STATES MAGISTRATE JUDGE